# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00532-CR
NO. 03-12-00533-CR

**Richard Allen Miller, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 68582 & 66455, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

These are appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). In trial court cause number 66455, appellant Richard Allen Miller pleaded guilty to the offense of aggravated assault with a deadly weapon and was sentenced to eight years' deferred-adjudication community supervision. Subsequently, the State filed a motion to adjudicate, alleging, among other things, that Miller had committed the offense of indecency with a child. Miller was separately indicted for that offense in trial court cause number 68582.

The indecency charge was tried before the district court, and the bench trial also served as the hearing on the State's motion to adjudicate. At trial, the district court heard evidence that on July 22, 2011, Miller caused C.R., a seven-year-old girl, to contact his genitals with her hand. Cynthia Moffett, the mother of the child, testified that on the day in question, Miller, who was a friend of C.R.'s father, came over to her residence, asked to see her children, and went in the

backyard to speak with them. On his way outside, Moffett recalled, Miller told her that he was "not a pervert," that he loved the girls, and that he would never do anything to hurt them. These statements caused Moffett concern.

Shortly thereafter, Moffett testified, C.R. came into the house "looking down and sad and disturbed." Before Moffett could find out was wrong, Miller entered the house and began yelling at C.R., causing the child to cry. Moffett asked C.R. to go to her room and then asked Miller what had happened. According to Moffett, Miller told her that "kids will lie," and then proceeded to tell her that he had been urinating in the backyard when C.R. approached him, asked to touch his sexual organ, and then grabbed his hand and put it down her pants. Not believing that C.R. would do such things, Moffett told Miller to leave and then asked her daughter what had happened. Moffett testified that C.R. told her that Miller had pulled her pants down and also kissed her on her mouth. Moffett then called C.R.'s father, who came to the house and confronted Miller. Miller, according to Moffett, called C.R. an "[expletive] liar" and a "bitch," which prompted C.R.'s father to hit Miller.

The police were called out to the residence in response to the disturbance. Officer Andrew Papp of the Killeen Police Department testified that when he arrived, he spoke with Miller about what had happened. According to Papp, Miller was more interested in talking about the earlier incident with C.R. than the subsequent altercation with C.R.'s father. Papp explained that Miller told him that C.R. had "pulled her pants down" and "took [Miller's] hand and brought it towards [and] between her legs." Miller also told Papp that C.R. "was hugging on him, climbing on him and trying to give him kisses." Papp then asked Miller "why he was unable to keep a seven-year-old girl

2

away from him," to which Miller responded that "she was persistent." Shortly thereafter, Papp and another officer who had been speaking with C.R. and her mother decided to arrest Miller. Miller was then transported to a local hospital, where he was treated and released for the injuries he had sustained in the altercation with C.R.'s father, and later to the police station.

At the station, after being advised of and waiving his constitutional and statutory rights,[1] Miller was interviewed by Detective Fred Harris of the Killeen Police Department. DVD recordings of Miller's statement to Detective Harris were admitted into evidence. In the statement, Miller admitted that C.R. had touched his genitals and that what had happened was "inappropriate" but claimed that he had done nothing wrong. Instead, Miller contended that C.R. had initiated the sexual contact and that he was "surprised" by C.R.'s behavior, which Miller characterized as "curious," "aggressive," and "persistent."

C.R. also testified at trial. According to C.R., on the day in question, Miller had touched her on her "butt" with his hand and also asked her to "touch his middle spot," which C.R. identified on a diagram as a man's genitals. C.R. testified that she "didn't touch him" but did tell her mother about what had happened.

The district court found the above evidence sufficient to prove that Miller had committed the offense of indecency with a child by contact and also sufficient to prove that Miller had violated the terms and conditions of his community supervision by committing a criminal offense. The causes were then reset for sentencing.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966); *see also* Tex. Code Crim. Proc. Ann. art. 38.22 (West 2005).

At the punishment hearing, the sole witness was Miller, who repeated his earlier assertion that C.R. had been responsible for the sexual contact. Miller also claimed that the girl's mother had "coerced" the child into testifying against him, but he could not provide an explanation for why C.R.'s mother would do so. At the conclusion of the hearing, the district court adjudicated Miller guilty of the offense of aggravated assault, reiterated that it had earlier found him guilty of the offense of indecency with a child by contact, and sentenced Miller to 20 years' imprisonment in each cause, with the sentences to run concurrently. This appeal followed.

In each cause, Miller's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Miller was mailed a copy of counsel's brief and advised of his right to examine the appellate record and to file a pro se brief.

Miller has filed a pro se response in which he asserts, without elaboration, that "the victims in both cases lied."[2] However, it was for the district court as fact-finder in these cases to determine whether the victims were credible, and we are to defer to that determination. *See Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). Additionally, the State's case against

---

[2] Miller is apparently referring to C.R. and Robert Lee Haynes, the victim in the aggravated-assault case.

Miller was not limited to the statements of the victims but also included Miller's judicial confession in the aggravated-assault case and his own statements in the indecency case, summarized above, tending to show that he committed that offense. On this record, we cannot conclude that Miller's unsubstantiated claim that the victims were lying presents a non-frivolous issue on appeal. *See McCoy v. Court of Appeals*, 486 U.S. 429, 436, 438 n.10 (1988) (describing frivolous issue as one that "lacks any basis in law or fact" and that "cannot conceivably persuade the court").

Having reviewed the record, counsel's brief, and Miller's pro se response, we agree that the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeal in either cause. Counsel's motion to withdraw is granted in each cause.[3]

The judgments of conviction are affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Rose

Affirmed

Filed: April 4, 2013

Do Not Publish

---

[3] In his pro se response, Miller also requests appointment of new appellate counsel. Miller would be entitled to the appointment of new counsel only if we first determined that his current counsel was incorrect in concluding that the appeal was frivolous. *See Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006). However, because we have determined that the appeal is indeed frivolous, Miller is not entitled to the appointment of new counsel.